Montenez PROSSER, Plaintiff–
Appellant,

v.

Taco BELL, Defendant–Appellee.

No. 07–15592
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 26, 2008.

Montenez Prosser, Macon, GA, pro se.

Frank L. Butler, III, Constangy, Brooks
& Smith, LLC, Macon, GA, for

Before ANDERSON, BLACK and
MARCUS, Circuit Judges.

PER CURIAM:

Montenez Prosser, proceeding *pro se,*
appeals the jury verdict in favor of Taco
Bell in his sex discrimination suit filed
pursuant to Title VII of the Civil Rights
Act of 1964 (Title VII), 42 U.S.C. § 2000e–
2(a). On appeal, Prosser raises a number
of evidentiary challenges. Because Pros-
ser did not file a trial transcript with this
court, we are unable to review in a mean-
ingful way whether the alleged errors oc-
curred. Accordingly, we affirm the judg-
ment in favor of Taco Bell.

Federal Rule of Appellate Procedure 10
requires an appellant to order trial tran-
scripts. Fed. R.App. P. 10(b). *Pro se*
appellants, like counseled appellants,
"must provide trial transcripts in the ap-
pellate record to enable this court to re-
view challenges to sufficiency of the evi-
dence." *Loren v. Sasser,* 309 F.3d 1296,
1304 (11th Cir.2002). "We review a ruling
on the admissibility of evidence for an
abuse of discretion." *Goldsmith v. Bagby
Elevator Co., Inc.,* 513 F.3d 1261, 1276
(11th Cir.2008). "To gain a reversal based
on a district court's evidentiary ruling, a
party must establish that (1) its claim was
adequately preserved; (2) the district
court abused its discretion in interpreting
or applying an evidentiary rule; and (3)
this error affected a substantial right."
*Proctor v. Fluor Enters., Inc.,* 494 F.3d
1337, 1349 (11th Cir.2007) (quotation omit-
ted). The challenging party bears the bur-
den of proving the error "probably had a
substantial influence on the jury's verdict."
*Id.* at 1352 (quotation omitted).

Prosser has not filed trial transcripts.
If this court were to find the district court
erred with respect to one of the challenged
pretrial evidentiary rulings, the next ques-
tion would be whether such error was
harmless. This inquiry would require an
examination of the evidence presented at
trial. Without the trial transcripts we are
unable to determine whether any of the
alleged evidentiary errors had a substan-
tial influence on the jury's verdict. Ac-
cordingly, we affirm the district court.

**AFFIRMED.**